IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL W. NELSON,
    Plaintiff,

vs.                                              Case No.: 5:18cv264/MCR/MJF

STEVEN PARKER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

For the reasons set forth below, the undersigned recommends that this case be transferred to the United States District Court for the Southern District of Florida.[1]

**I.**     **Background**

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), proceeding *pro se*, commenced this case in June of 2017 by filing a complaint, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Southern District of Florida, Case No. 2:17-cv-14218-RLR. (ECF No. 1). When he commenced this action, Plaintiff was housed at Martin Correctional Institution,

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

which is located in the Southern District. (*see id.*). Following two rounds of statutory screening, pursuant to 28 U.S.C. § 1915A, Plaintiff filed a second amended complaint. (ECF No. 25). Plaintiff named as Defendants Julie Jones (Secretary of the FDOC), Jimmy Parker (the State Classification Officer for the FDOC), Robert Bryner (the Warden of Martin Correctional Institution), John Holtz (the Assistant Warden of Martin Correctional Institution), and the Office of the Attorney General.

Plaintiff alleged that during a three-month period, he requested placement in protective custody and instead was placed in administrative confinement. He alleges that his request for protective custody was based upon his belief that he was a target of prison gangs. Plaintiff alleged that he informed Defendants of the risk and was approved for a protective transfer on June 15, 2017. According to Plaintiff, on June 16, 2017, he was placed in general population prior to his transfer. During this time in general population, Plaintiff alleges he was attacked by other inmates. Plaintiff brought Eighth Amendment claims of failure-to-protect against Defendants Jones, Parker, Bryner, and Holtz. He also asserted a First Amendment claim of denial of access to the courts.

---

*See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).

On December 21, 2017, the district court for the Southern District dismissed Plaintiff's claims against Secretary Jones and the Office of the Attorney General. (ECF No. 28). The court also dismissed Plaintiff's First Amendment claim, and his official capacity claims against Defendants Parker, Bryner, and Holtz. (*see id.*). The court allowed the case to proceed on Plaintiff's "failure to protect" claim against Defendants Parker, Bryner, and Holtz in their individual capacities. (*see id.*). Defendants Holtz and Bryner were served with process. (ECF Nos. 34, 35). On February 14, 2018, Counsel appeared and filed an Answer on behalf of the served Defendants. (ECF No. 36).

On October 23, 2018, Plaintiff filed a motion for preliminary injunction. (ECF No. 56). In the motion, Plaintiff alleged that he was housed at Bay Correctional Facility, which is located in the Northern District of Florida. Plaintiff alleged prison officials at Bay Correctional Facility placed him in confinement pending an investigation and protective transfer to another institution. (*id.*). Plaintiff alleged he did not have access to the law library, commissary, and telephone privileges in confinement. (*see id.*). He essentially argued he was not safe in the general population at any FDOC facility, but that it was unfair to subject him to restrictive confinement, even though it was for his own protection. (*see id.*).

Plaintiff asked the court to transfer him to a federal facility pending the outcome of this lawsuit. (*see id.*).

On November 7, 2018, the Plaintiff filed another Request for Preliminary Injunction. (ECF No. 59). When he filed that motion, Plaintiff was housed at De Soto Correctional Institution ("De Soto"), which is located in the Middle District of Florida. (*see id.*). Plaintiff alleged that gang members at De Soto robbed and stabbed other inmates "unchecked." He alleged that the negligence of classification officers "could easily get Plaintiff killed" by permitting a gang member who knows Plaintiff to transfer to De Soto. (*see id.*). Plaintiff again requested that the court issue an order transferring him to a federal facility pending the outcome of this lawsuit. (*see id.*).

On December 4, 2018, the District Court for the Southern District issued an order transferring Plaintiff's motions for preliminary injunction (ECF Nos. 56, 59) to the Northern District of Florida, pursuant to 28 U.S.C. § 1404(a), but maintaining the civil rights action itself in the Southern District. (*see* ECF No. 61). The basis for the transfer of the two motions was that Plaintiff's allegations related to his incarceration at correctional facilities in the Northern District of Florida, and

the convenience of parties and witnesses and the interest of justice warranted the transfer. (*see id.* at 2).

On December 7, 2018, the clerk of court for the Southern District of Florida (Fort Pierce Division) technically transferred the entire civil case to the Northern District (*see* ECF No. 62), reportedly because the federal courts' Case Management/Electronic Case Files ("CM/ECF") system has no "available event" to transfer only motions. Plaintiff, therefore, filed documents in the Northern District case. This includes a third motion for preliminary injunction that again seeks transfer to a federal facility. (ECF No. 65). Plaintiff filed this most recent motion from Moore Haven Correctional Facility, which is located in the Southern District of Florida.

**II.    Discussion**

The federal change of venue statute upon which the Southern District relied as authority to transfer the two motions for preliminary injunction provides:

> **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil *action* to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a) (emphasis added). "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee

forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60, 134 S. Ct. 568, 580 (2013). There "is a 'long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a) . . . .'" *Tazoe v. Airbus, S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).

Section 1404(a) expressly authorizes the transfer of civil *actions*; it does not provide for the piecemeal transfer of particular *motions*.[2] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) ("Section 1404(a) only authorizes the transfer of an entire action, not individual claims."); *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (holding that § 1404(a) "authorizes the transfer only of an entire action and not of individual claims"). "A court acting under § 1404(a) may not transfer part of a case for one purpose while maintaining jurisdiction for another purpose; the section 'contemplates a plenary transfer' of the entire case." *Chrysler Credit Corp.*, 928 F.2d at 1518 (quoting *In re*

---

[2] Although 28 U.S.C. § 1404(b) provides for the transfer of "any motion," that provision applies to transfers among divisions of the same district not transfers to another district.

*Flight Transp. Corp. Securities Litigation*, 764 F.2d 515, 516 (8th Cir. 1985) (holding that the district court lacked authority under § 1404(a) to transfer case only for purposes of trial and retain jurisdiction over the rest of the action)).[3]

Transfer solely of Plaintiff's motions for a preliminary injunction was not authorized under section 1404(a). If the allegations of Plaintiff's motions for a preliminary injunction and the relief sought are not closely related to the conduct complained of in second amended complaint, and if the persons from whom the injunctive relief is sought are not parties to the underlying action, then the district court that addresses them may properly deny them and advise the Plaintiff that he may commence a separate civil rights lawsuit in the district court where the alleged constitutional violations occurred. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842–43 (11th Cir. 1995); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

---

[3] One exception, not relevant here, is a severance of a claim against a party pursuant to Rule 21 of the Federal Rules of Civil Procedure. *Chrysler Credit Corp.*, 928 F.2d at 1519. Furthermore, a severance under Rule 21 should state that two separate actions are being created from one pursuant to this Rule. *Id.*; *Wyndham*, 398 F.2d at 618 ("Where certain claims are properly severed, the result is that there are then two or more separate 'actions,' and the district court may, pursuant to § 1401(a), transfer certain of such separate actions while retaining jurisdiction of others.").

Because transfer of the motions for preliminary injunction was not authorized by federal statute, and because the proper venue of the civil rights action in which the motions were filed is in the Southern District of Florida (as that district court has acknowledged), the undersigned recommends that this case, including the motions for preliminary injunction, be transferred back to the United States District Court for the Southern District of Florida.

### III.   Conclusion

Accordingly, for the reasons set forth above, the undersigned respectfully

**RECOMMENDS:**

1.   That this case, including Plaintiff's motions for a preliminary injunction, be transferred to the United States District Court for the Southern District of Florida.

2.   That the clerk of court for the Northern District of Florida be directed to close the file.

At Panama City, Florida, this 9th day of January 2019.

   /s/ *Michael J. Frank*
   **Michael J. Frank**
   **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**